JOSEPH T. WATERHOUSE *vs.* GLOUCESTER FIRE INSURANCE COMPANY.

York.   Opinion April 24, 1879.

*Insurance policy.   Assignment.   Statute.*

On a fire policy of insurance stipulating: "If this policy shall be assigned, without the written consent of the company, the liability of the company shall thereupon cease and determine, and this policy shall be null and void," no action can be maintained under the common law by an assignee when the assignment is made without such written consent.

No statute in this state authorizes any such action.

ON REPORT.

ASSUMPSIT upon a policy of insurance issued by the defendants to one George L. Skillings, and by him assigned to the plaintiff.

The facts are sufficiently stated in the opinion.

*E. Eastman & R. P. Tapley,* for the plaintiff.

*J. M. Goodwin & W. F. Lunt,* for the defendants.

APPLETON, C. J.   This is an action of assumpsit on a policy of insurance issued to one George L. Skillings, who before loss had conveyed the premises insured, and assigned the policy to the plaintiff.

The policy, among other things, contained this clause : "If this policy shall be assigned without the written consent of this company, . . the liability of the company shall thereupon cease and determine, and this policy shall be null and void."

An insurance company has the right to fix and establish the terms and conditions upon which alone it will issue its policies. It may determine when, what and for what length of time it will insure. It may insure as long as the party insured may hold the policy and own the estate insured. It may decline to insure a stranger, or to be and continue liable to an unknown assignee of its policy. It may be willing to insure one man and unwilling to insure another. It may reasonably be supposed to be desirous of knowing with whom it is contracting a liability, and unwilling to continue a liability assumed when the ownership of the property insured has changed without its consent.

By the common law, an insurance company may insert a clause like that in the policy under consideration, and it will be binding upon the parties.

No written consent of the defendant company has been obtained. No action, then, can be maintained in the name of the assignee. *Jessel* v. *Williamsburgh Ins. Co.*, 3 Hill, 88. *Pollard* v. *Somerset M. F. Ins. Co.*, 42 Maine, 227. Indeed, by such assignment the policy is forfeited. As Bronson, J., remarks, in *Smith* v. *Saratoga County M. F. Ins. Co.*, 3 Hill, 510, " the parties have in the strongest terms declared that the policy shall immediately, and without any act on the part of the company, become immediately void ; and it is difficult to see how anything short of a new creation could impart life to this dead body." Such is the common law.

Upon examining the statutes relating to " Insurance and Insurance Companies," R. S., c. 49, there will be found no prohibition against the insertion of such a stipulation as is found in the policy under consideration.

The eighteenth section of the act relates to agents of insurance companies, and provides when and under what circumstances their acts shall be binding upon the companies whose agents they

are. Nothing has been done by any agent of the defendants by which its contracts have been modified or the rights of the assured in any respect changed.

By § 19 statements of description and value are declared representations and not warranties, and no omissions or mistakes or concealments of the insured shall vacate the policy, unless they are fraudulent or increase the risk. But in this section are found these words: "A change in the property insured, its use or occupation, or a breach of any of the terms of the policy by the insured, shall not affect the policy, unless they materially increase the risk."

"A change in the property insured, its use and occupation," relates to a change of its structure, or of its use or occupation. It does not refer to the title. The section assumes the existing policy between the parties to it, and acts upon it. It refers to the parties originally contracting, not to those unknown to the party insuring.

Nor is an assignment a breach of any of the terms of the policy. There is no prohibition upon the insured that he shall not assign. He may assign at his pleasure, but the assignment is at his peril, unless the written assent of the party assuring is had. So he may convey the estate insured, but his conveyance is at the risk of the consequences of such conveyance as are specified in the policy. There is no agreement by the assured that he will not assign, but there is one, that there shall not be a new party against the will and without the assent of the insurer.

By § 64 agents are to be regarded as principals, and notices are to be served on them, and insurance companies are bound by their knowledge etc.; but this has no bearing upon the question in issue, for there is no evidence that the agent had knowledge of the transfer or assented thereto.

The stipulation under consideration is valid at common law. It has the deliberate assent of the parties to the policy. It is not prohibited by any statute. It is reasonable that parties should know with whom they contract, and that they should not be compelled to insure an unknown party, whom, if known, they would never insure. The same principle is applicable as where the

insured conveys the estate insured, against the terms and conditions of the policy, that it shall be void on his so doing. The policy is declared void by the act of the insured. *Brunswick Savings Institution* v. *Commercial Ins. Co.*, 68 Maine, 313.

*Plaintiff nonsuit.*

WALTON, VIRGIN and LIBBEY, JJ., concurred.

BARROWS, J., concurred in the result.